**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
ALEXANDER ASHKENAZI as trustee of THE  :
HALPERT ALEXANDER TRUST,              :
                                      :
                        Plaintiff,    :     **MEMORANDUM & ORDER**
                                      :
            -against-                 :      08-CV-3235 (ENV) (CLP)
                                      :
LINCOLN NATIONAL LIFE INSURANCE       :
COMPANY f/k/a JEFFERSON PILOT LIFE    :
INSURANCE COMPANY,                    :
                                      :
                        Defendant.    :
------------------------------------------------------------- x

**VITALIANO, D.J.**

Plaintiff Alexander Ashkenazi brought this action as trustee of the Halpert Alexander

Trust (the "Trust") seeking a declaratory judgment against defendant Lincoln National Life

Insurance Company regarding the effectiveness of certain insurance policies.  Defendant moves,

inter alia, for dismissal under Fed. R. Civ. P. 41(b) for want of prosecution and failure to comply

with court orders.  For the reasons below, the motion is granted.

On October 25, 2010, the parties had a discovery conference, before Magistrate Judge

Pollak, in which plaintiff's counsel indicated that it would move to withdraw from the case.

Magistrate Judge Pollak ordered Ashkenazi to appear at a hearing on November 15, 2010 in

order to respond to counsel's motion to withdraw, with the warning that "[f]ailure to appear may

result in dismissal of all claims."  (Doc. 71.)  Ashkenazi's counsel moved to withdraw on

November 5, 2010, but Ashkenazi failed to appear at the hearing on November 15, 2010.  In an

order on November 16, 2010, Magistrate Judge Pollak noted plaintiff's failure to appear, granted

plaintiff's counsel's motion to withdraw, warned Ashkenazi that "if he [did] not retain counsel

within 30 days, his claims may be dismissed," and again ordered Ashkenazi to appear in Court,

1

this time on January 7, 2011, with his new counsel.  (Doc. 74.)  The January 7 hearing was rescheduled to January 19, 2011.  Ashkenazi again failed to appear despite the Court's order.  Defendant then filed the instant motion to dismiss on February 4, 2011, and more than a month later, Ashkenazi has yet to respond to the motion.

The Court's repeated warnings to Ashkenazi and his repeated failures to comply with orders to appear, combined with his failure to prosecute the case, are more than enough to warrant dismissal under Rule 41.  Moreover, the Court's order for Ashkenazi to retain new counsel was founded on the long-standing legal principle that forbids a non-lawyer from representing anyone other than himself.  See, e.g., Gabayzadeh v. Taylor, 639 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2009) ("Both federal and New York law 'prohibits the practice of law . . . on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney.'") (quoting In re Welsh, 860 N.Y.S.2d 639, 640 (N.Y. App. Div. 3d Dep't 2008)).  Accordingly, a "pro se plaintiff is not permitted to bring [an] action . . . on behalf of the Trust[] she purports to represent." Gabayzadeh, 639 F. Supp. 2d at 301.

For the reasons stated above, defendant's motion is granted, and the action is dismissed with prejudice under Rule 41 for want of prosecution and failure to comply with court orders.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       March 29, 2011

                                        s/ENV

                                        _____
                                        ERIC N. VITALIANO
                                        United States District Judge

2